# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
:
WILLIAM J. ACEVES,
    325 Punta Baja Drive                                                    :
    Solana Beach, CA 92075
:
        Plaintiff,                                                                             :

v.                                                                                              :      Civil Action No. _____

UNITED STATES DEPARTMENT OF DEFENSE    :
    1400 Defense Pentagon
    Washington, DC 20301
:
        Defendant.
_____   :

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.    Plaintiff William J. Aceves brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the Department of Defense (DOD) to produce requested records that refer or relate to the selection of military members for service on military commissions convened pursuant to the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600, and the Military Commissions Act of 2009, Pub. L. No. 111-84, 123 Stat. 2574. DOD has acknowledged that it has found records responsive to the request, two of which, it has stated, require higher level review.  However, DOD has refused to produce any of the responsive records unless Professor Aceves waives his request for the two records requiring higher review or until completion of higher level review of all the records is completed, which it has stated could take "an extensive amount of time."  This action seeks to compel the production of all responsive records without further delay.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, and venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.   Plaintiff William J. Aceves is a professor and Associate Dean for Academic Affairs at the California Western School of Law, where he teaches classes on human rights law, foreign affairs law, and comparative law.  Professor Aceves has filed numerous FOIA requests in his career and has previously received FOIA responses from DOD, the Department of State, and the National Security Council.

4.   Defendant DOD is an agency of the United States and has possession of and control over the records Plaintiff seeks.

**FACTS**

5.   On July 21, 2011, Professor Aceves submitted a FOIA request to the DOD Office of the Secretary of Defense and Joint Staff (OSD/JS) for "[a]ll records that refer or relate to the selection of military members for service on military commissions convened pursuant to the Military Commissions Act of 2006 . . . and the Military Commissions Act of 2009."

6.   By e-mail dated September 6, 2012, OSD/JS informed Professor Aceves that DOD had located records responsive to his request but that two of those records were documents signed by Deputy Secretaries of Defense (DEPSECDEF) that would require processing through a higher level of review.  The e-mail asked whether Professor Aceves would accept the responsive records without those two documents.  It stated that DOD would otherwise "continue processing and send the documents for higher level review," which could "take an extensive amount of

time, approximately a year or more because of the number of items that are currently in the queue for higher level review."

7. Professor Aceves responded the same day, expressing an understanding that DOD had "a batch of responsive documents" that could be released immediately as well as two documents that would require additional review. He stated that he "would like to receive the responsive documents and underst[ood] that the other two documents [would] require additional FOIA review."

8. By e-mail dated September 7, 2012, the OSD/JS FOIA Office responded, stating that a "significant amount of processing time [could] be saved if [Professor Aceves were] willing to accept the records without the two DEPSECDEF letters." The e-mail further stated that the OSD/JS FOIA office "is required to process any SECDEF or DEPSECDEF documents or records through the highest levels of review within DOD, before any such documents finally may be released to a FOIA requester" and that it would "not be able to release the records piecemeal." Rather, "[a]ll of the records found along with the two DEPSECDEF letters would have to make the rounds of higher level review as an entirety, a process that . . . may take a year or more."

9. Professor Aceves responded on September 11, 2012, restating his preference for receiving most of the responsive records immediately while allowing the two DEPSECDEF letters to undergo further review. Seeking clarification of DOD's policy regarding piecemeal release of responsive records, he noted that he had previously received records from DOD in piecemeal fashion over an extended period of time. Because of "the possible significance of the two documents that require[d] additional review," he declined to waive his FOIA request for those documents.


10.     By e-mail dated September 12, 2012, the OSD/JS FOIA office stated that "[a]ll of the records including the DEPSECDEF letters [would] receive higher level review as a package," and that the office would "put the process in place and respond to you when the reviews are finished."

11.     Professor Aceves replied the same day, inquiring whether if he "had agreed to accept the responsive documents with the understanding that the two other documents would not have been released now," he could have "filed a new FOIA request for those two documents as soon as [he] receive[d] the responsive documents." If so, he continued, then would it not "be appropriate to just release the responsive documents at this time?"

12.     OSD/JS responded that same day, stating that if Professor Aceves wanted a "final response enclosing the documents without the DepSecDef letters," he should make that request that day. The e-mail confirmed that "[n]othing preclude[d]" Professor Aceves "from making a separate request for the DepSecDef letters," but offered no additional explanation of DOD's asserted policy against piecemeal release nor any assurance that a new request for the DEPSECDEF letters would not go to the back of the OSD/JS FOIA processing queue.

13.     To this date, Mr. Aceves has not received any records responsive to his July 21, 2011 FOIA request.

## CLAIM FOR RELIEF

14.     Under 5 U.S.C. § 552(a)(6)(A)(i), DOD had twenty working days from receipt of the FOIA request to respond. It has been well over one year since Professor Aceves submitted his initial request and over two months since OSD/JS last contacted him about the responsive records that it found.

15. Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted his administrative remedies.

16. Plaintiff has a statutory right to the records he seeks, and Defendant lacks any legal basis for delaying the release of those records to Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Declare that Defendant's failure to produce the requested records is unlawful;

(b) Order Defendant to make the requested records available to Plaintiff without further delay;

(c) Award Plaintiff his costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(d) Grant all other appropriate relief.

Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum
D.C. Bar No. 490928
Jehan A. Patterson
(D.C. Bar admission pending)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

*Counsel for Plaintiff*

Dated: November 20, 2012